JAMES L. HORNE v. S. BLACK.

The plaintiff's right to dismiss his suit, as to one of the defendants, who is a non-resident, and has not been served with process, is not affected by a plea in reconvention of the other defendant, setting up a cause of action against the plaintiff and his co-defendant; where neither he, nor the plaintiff, have taken any steps to make such co-defendant a party.

ERROR from McLennan. Tried below before the Hon. N. W. Battle.

This was a suit brought by S. Black against James L. Horne as maker, and Charles N. Horne as the endorser of a note for $1467.46.

The petition alleged, that Charles N. Horne resided in the state of Georgia, and prayed for process and judgment against both; but there was no affidavit of non-residence filed, nor any action whatever taken to cite Charles N. Horne.

The defendant, James L. Horne, filed his answer on the 1st of October, 1858, setting up a cross-action against the plaintiff and his co-defendant, and claiming a judgment against them, for the balance in his favor, on a note executed to him, by the said Charles N., for the sum of $2100, the payment of which the plaintiff had guarantied, after deducting the amount of the note sued on. The answer recited the fact, that service had not been had upon Charles N. Horne, and prayed for a citation, by publication, as to him. The defendant, James L., filed no affidavit as to the non-residence of his co-defendant, nor was any citation issued or publication made for him.

At the Fall Term of the court, 1859, the plaintiff dismissed

his suit, as to Charles N., to which the defendant, James L., objected. Verdict and judgment for the plaintiff, against the appellant, for $1927.25, and costs of suit. The defendant appealed, and assigned for error, the dismissal of the suit as to his co-defendant.

*Nowlin & Herring*, for the plaintiff in error, cited Garret v. Gaines, 6 Texas Rep. 435; Denison v. League, 16 Id. 408.

*Harrison & Earle*, for the defendant in error, suggested delay.

ROBERTS, J.—Black, the plaintiff below, had a right to discontinue his action as to Charles N. Horne, a non-resident, who was sued, but not served with process. He was the assignor of the note. The plaintiff below had set forth against him a cause of action, as endorser, in the petition. So had the defendant below, in his plea of reconvention. Neither plaintiff nor defendant had made the proper affidavit, or taken any other steps to make Charles N. Horne, a party. Thus the matter stood, when the plaintiff dismissed his suit as to him. The defendant had not placed himself in a situation to prosecute his cause of action against said Charles N., and therefore he could not resist the motion to dismiss. He was not prevented, by this action of the court, from establishing his defence to the note, as set up in his plea. Had he made the necessary affidavit, in connexion with his plea or cross-action, and applied to the court for a continuance, in order to procure service by publication, he would have occupied a much more favorable position; and it might then have been quite immaterial to him, whether the plaintiff below dismissed his suit against Charles N. Horne, or not. Judgment affirmed with damages.

Affirmed with damages.